## R. G. Hill Co., Inc., v. Binder

*Wallace H. Webster, Jr.*, for plaintiff.
*James C. Lanshe*, for defendant.

HENNINGER, P. J., March 11, 1958.—This case presents the familiar situation of a high powered salesman inducing an unconvinced customer to sign up without deliberation, so that he can "win the contest closing that day". A favor to the salesman takes precedence over the need for, or quality of, the product.

We need not go deeply into the legal problem involved. On the undisputed facts, defendants signed a

contract and a blank note on Saturday, July 16, 1955, for certain aluminum storm windows. The salesman assured them they would have a week's time in which to decide whether to go through with the deal.

On Monday morning, July 18, 1955, the salesman turned the contract and note over to his manager. About 11 a.m. on the same day, defendants telephoned to plaintiffs' Allentown office that Mrs. Binder had been laid off and that they were canceling the contract, but that they might continue to purchase a part of the order. She was informed that it was too late because the order had already gone in to the manufacturer. This statement was untrue, because the president of the company has sworn that the order was not forwarded to the manufacturer until the evening of July 18th.

On Tuesday, July 19, 1955, a representative of plaintiff came to measure the windows but was not permitted to do so. There is a dispute whether the exact measurements are necessary to order the window or merely to fit. The windowpanes had been measured by the salesman but there was testimony that this was for the purpose of fixing a price and not for the purpose of ordering manufacture of the windows.

Under any circumstances, it is an admitted fact in the case that plaintiff ordered the windows after its office had been notified of an intention to cancel and that it made no effort to forestall manufacture after a second notice of cancellation the next day.

We realize that one of the techniques of this business is to speed implementation of orders to make cancellation prohibitive. We doubt, however, that the windows are custom-made in the sense that they are manufactured for a specific order only upon receipt of such order. Furthermore, even if the windows are made to

order, we can hardly believe that a factory is standing ready upon a moment's notice to execute an order, so that there is no locus poenitentiae whatsoever. Defendants' notice of cancellation on July 18, 1955, must have been within two or three hours of plaintiff's receipt of the contract from the salesman and, since the contract was forwarded to Dover, N. J., on the evening of July 18th, the second notice on July 19, 1955, must have been received by plaintiff within six or eight hours after the manufacturer received the order. Surely there is telephonic communication between plaintiff's offices and the manufacturer of its screens.

We are convinced, therefore, that plaintiff made no effort whatsoever to mitigate the damages upon knowledge of cancellation. Assuming for these purposes that defendants are in default, as plaintiff contends, there would remain the question of the amount of damages for breach of contract to which plaintiff would have been entitled.

Defendants make other cogent claims: (1) That the salesman held the papers in escrow; (2) that the contract was not complete, and (3) that the contract was altered, but since we have held that the judgment must be opened in any event, the other matters may be considered at that time.

Now, March 11, 1958, the rule to open the judgment to above captioned term and number is made absolute, and defendants are allowed to make defense to said judgment. An issue may be framed by treating the note as a complaint, the petition to open as an answer and the answer to the rule to open as a reply and the cause may proceed to trial upon praecipe of either party with the privilege of such amendment of pleadings as the parties may deem advisable. Lien of the judgment and levy to remain.